IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                              CRIMINAL ACTION NO. 5:07-cr-00123

MORRIS BLAKE TAYLOR, II and
JONATHAN JAMES JARRELL,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

The question before the Court is whether the sentencing memoranda filed in this case should remain under seal. (*See* Dockets 64, 64-2, 65, 65-2, 66, & 66-2.) At the sentencing hearings of each defendant on January 4, 2008, the Government indicated that it filed its sentencing memoranda under seal because the information contained in the memoranda, specifically information discussing the history and characteristics of the defendants, was derived from the presentence reports, which are typically placed under seal.[*] After consideration of the applicable law, the Court **ORDERS** that these documents be unsealed.

*I. APPLICABLE LAW*

Courts addressing this issue consistently hold that sentencing memoranda should not be kept under seal because the documents are "judicial records" and, absent unusual circumstances, do not

---

[*] Defendant Jarrell also filed a motion to seal his sentencing memorandum because of privacy issues.

contain the type of information that typically outweighs the public's right of access. *See, e.g.*, *United States v. Kushner*, 349 F. Supp. 2d 892, 905 (D.N.J. 2005); *United States v. Hirsh,* No. 03-58, 2007 U.S. Dist. LEXIS 45485, at *8-12 (E.D. Pa. June 22, 2007); *United States v. McGrail,* No. 05-cr-281-SM, 2006 U.S. Dist. LEXIS 83027, at *1-2 (D.N.H. Nov. 14, 2006); *United States v. Laberge*, No. 1:04-cr-487, 2005 U.S. Dist. LEXIS 43911, at *6-10 (N.D.N.Y. Aug. 26, 2005). *But see generally United States v. Milken*, 780 F. Supp. 123, 127 (S.D.N.Y. 1991) (ordering that the portion of a memorandum in support of a Rule 35 motion, which discussed the medical condition of defendant's family, be sealed).

"The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004) (citing *Stone v. University of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988)). "The common law does not afford as much substantive protection to the interests of the press and public as the First Amendment does." *In re Wash. Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986). "Regardless of whether the right of access arises from the First Amendment or the common law, it may be abrogated only in *unusual circumstances*." *Va. Dep't of State Police*, 386 F.3d at 576 (emphasis added and internal quotation marks and citation omitted).

"When the First Amendment provides a right of access, a district court may restrict access '*only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest*.'" *Id.* at 575 (citing *Stone*, 855 F.2d at 180) (emphasis added). "The burden to overcome a First Amendment right of access rests on the party seeking to restrict access, and that party must present specific reasons in support of its position." *Id.* (citing *Press-Enter. Co. v.*

*Superior Court* (*Press Enter. II*), 478 U.S. 1, 15 (1986) ("The First Amendment right of access cannot be overcome by [a] conclusory assertion[.]")).

The Fourth Circuit has held that "the First Amendment right of access applies to documents filed in connection with plea hearings and sentencing hearings in criminal cases, as well as to the hearings themselves." *In re Wash. Post Co.*, 807 F.2d at 391. Accordingly, sentencing memoranda are analyzed under the more stringent standard of the First Amendment.

Simply being under the purview of the First Amendment, however, does not entitle the press and public to access in every case. "Access may be denied if 'closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Id.* (quoting *Press-Enter. Co. v. Superior Court* (*Press Enter. I*), 464 U.S. 501, 510 (1984)). In making this determination, a court must comply with certain procedural requirements.

> First, the district court must give the public adequate notice that the closure of a hearing or the sealing of documents may be ordered. In particular, closure motions must be docketed reasonably in advance of their disposition so as to give the public and press an opportunity to intervene and present their objections to the court. Moreover, although individual notice is generally not necessary, when the district court has been made aware of the desire of specific members of the public to be present, reasonable steps to afford them an opportunity to submit their views should be taken before closure. Second, the district court must provide interested persons an opportunity to object to the request before the court ma[kes] its decision. Third, if the district court decides to close a hearing or seal documents, it must state its reasons on the record, supported by specific findings. Its findings must be specific enough to enable the reviewing court to determine whether closure was proper. In addition, the court must state its reasons for rejecting alternatives to closure. The Supreme Court has added the weight of its authority to some of these requirements: although the Court has not addressed the question of notice, it has held that a district court's closure order must be supported by a clear statement of reasons, with specific findings, including a discussion of possible alternatives considered and rejected by the court.

*In re Wash. Post Co.*, 807 F.2d at 390-91 (quotation marks and citations omitted). Only after following these requirements, and only after the party seeking to restrict access has overcome its

burden, may a court deny the public access to judicial documents -- in this case, sentencing memoranda.

## *II.  DISCUSSION*

Based on the parties' motions, the information contained in the sentencing memoranda does not present the unusual circumstances contemplated in *Va. Dep't of State Police*. The Government, and in Jarrell's case, his counsel, filed short motions to seal the sentencing memoranda because those documents contained information obtained from the presentence report. However, the parties do not point to the specific information that raises privacy concerns. Thus, the parties have not met their burden.

At the sentencing hearings, the Government voiced its concern and uncertainty in this area and requested guidance from the Court. A categorical approach sealing all sentencing memoranda is not narrowly tailored to serve the governmental interest of a defendant's privacy concerns. Because of the different facts and circumstances of each criminal case, such an analysis would need to occur on a case-by-case basis. Moreover, in a case where only one section of the sentencing memorandum contains highly sensitive information about the defendant, alternatives, such as redacting that section, are available in order to preserve the public's right to access these documents.

Accordingly, if a sentencing memorandum contains highly sensitive information about a defendant's mental health or substance abuse, then the party filing a motion to seal that memorandum should come forward and establish specifically why access must be restricted. In accordance with the procedural requirements articulated by the Fourth Circuit, the Court will then make specific supportive findings concerning that information on the record. Form motions filed by either the Government or defense counsel are not sufficient. It should be noted, however, that

all sentencing memoranda will likely contain personal information about the defendants, but only those cases which present "unusual circumstances" will warrant confidentiality. *See McGrail*, 2006 U.S. Dist. LEXIS 83027, at *1-2 ("In some circumstances legitimate privacy concerns may warrant limited restriction of public access, but this case does not present such circumstances.  Defendant seeks a sentence based upon specific characteristics and circumstances, not involving the privacy interests of living third parties, but peculiar to him.  Those factors are critical to the sentencing process, and are not of the type sufficient to overcome the presumption of public access.").

### III.  CONCLUSION

For the reasons stated above, the Court **ORDERS** that the sentencing memoranda filed under seal by the Government and Defendant Jarrell be unsealed [Dockets 64, 64-2, 65, 65-2, 66, & 66-2].  Naturally, those documents, or portions of them, may be resealed upon motion by the Government or defense counsel citing specific reasons in support thereof.  The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to the defendants and their respective counsel, the United States Attorney, the United States Probation Office, the Office of the Federal Public Defender, and the United States Marshal.

ENTER:       January 14, 2008

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE